UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RONALD JAY DUPUIS II,

    Plaintiff,

    v.

CITY OF HAMTRAMACK, JAMES DOYLE,
DONALD CRAWFORD, PREMA GRAHAM,
DENNIS PUBLISHING, INC., and DENNIS
DIGITAL, INC., jointly and severally, as well as
individually and/or in their official capacities,,

    Defendants.

and

PREMA GRAHAM,

    Counter-Plaintiff and Third Party Plaintiff,

    v.

RONALD JAY DUPUIS II,

    Counter-Defendant,

CITY OF HAMTRAMACK, JAMES DOYLE,
and DONALD CRAWFORD,

    Third Party Defendants.
                                              /

CASE NO. 2:06-CV-14927
CHIEF JUDGE BERNARD A. FRIEDMAN
MAGISTRATE JUDGE PAUL J. KOMIVES

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR SANCTIONS (docket #38)

This matter is before the Court on plaintiff/counter-defendant Ronald Jay Dupuis's (Dupuis)

1

motion for sanctions and other relief against defendant/counter-plaintiff Prema Graham (Graham), filed on October 10, 2007. Dupuis seeks sanctions, including disqualification of Graham's counsel and default judgment, for counsel's failure to provide notice of subpoenas issued to nonparties and to the City of Hamtramack, and for serving a subpoena on a party directly (Hamtramack) instead of on the party's attorney. On October 23, 2007, defendants/third-party defendants City of Hamtramack, James Doyle, and Donald Crawford filed a brief joining in Dupuis's motion. Graham filed a response to the motion on October 22, 2007, and Dupuis filed a reply on November 7, 2007. The Court heard argument on the motion on November 15, 2007, at which time the Court took the matter under advisement.

The facts relevant to the instant motion are fully set forth in the parties' briefs, and need not be recounted in detail here. It is undisputed that counsel for Graham served subpoenas on Hamtramack and the Southgate Police Department without providing prior or contemporaneous notice to the other parties to this case. It is also undisputed, at this point, that such notice was required by Rule 45, which provides that "[p]rior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b)." FED. R. CIV. P. 45(b)(1). *See Florida Media, Inc. v. World Publications, LLC*, 236 F.R.D. 693, 694 (M.D. Fla. 2006); *Spencer v. Steinman*, 179 F.R.D. 484, 487 (E.D. Pa. 1998). What is disputed is the reason for this violation of Rule 45(b)(1) and, relatedly, whether and to what extent Graham or her counsel should be sanctioned for this violation.

Counsel for Graham contends that the failure to provide notice was a clerical error by counsel's clerk, who did not realize that such notice was necessary, and that the problem has since been corrected. The other parties doubt the sincerity of this explanation, reasoning quite logically

that, were that the case, counsel would not have persisted in his position that no notice was required under Rule 45. The Court agrees. If, as Graham's current counsel now contends, the lack of notice was a simple oversight on the part of counsel's clerk, then the problem should have been swiftly remedied when brought to his attention. However, Graham's counsel refused to acknowledge that notice to the other parties was required by Rule 45. Instead, counsel demanded that counsel for Dupuis provide legal support for this requirement, and when he did so Graham's counsel persisted in his view that notice was not required. This required either a complete misunderstanding of the law on counsel's (and not his clerk's) part, or a willful failure to provide notice. In either event, the error cannot be passed off as a simple clerical error on the part of counsel's clerk.

With this in mind, the question becomes whether Dupuis and the other parties are entitled to sanctions. Primarily, the parties seek disqualification of Graham's counsel and/or dismissal of Graham's claims (and, presumably, a default judgment against Graham with respect to Dupuis's claims against her). The Court concludes that neither of these severe sanctions is appropriate here.

"[A]ttorney disqualification is a drastic remedy which courts should hesitate to impose except when absolutely necessary because it may create delay and deprive parties of their chosen legal advisor." *Andrew Corp. v. Beverly Mfg. Co.*, 415 F. Supp. 2d 919, 925 (N.D. Ill. 2006) (internal quotation and alternations omitted); *see also*, *Employment Discrimination Litig. Against Ala.*, 453 F. Supp. 2d 1323, 1331-32 (M.D. Ala. 2001). Although not excusing counsel's conduct, the Court concludes that disqualification would be too drastic in light of the nature of counsel's conduct, when considered with the effect it will have on Graham's right to have her choice of counsel and the further cost and delay which may be engendered by a substitution of counsel at this stage of the litigation.

Likewise, the Court concludes that dismissal or default is not appropriate here. Ordering dismissal or default[1] to sanction a party to the litigation is usually reserved for situations akin to contempt of court or other abusive practices. *See, e.g., Chambers v. NASCO*, 501 U.S. 32, 45-46 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). Generally, this sanction is not available unless the conduct of the complaining party was done willfully, maliciously, or in bad faith. *See, e.g., National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 640 (1976) (per curiam). Before imposing a sanction of dismissal or default, a court should consider the prejudice to the complaining party, the degree of the wrongdoer's culpability, the availability of other measures to redress the problem, and the societal interest in the efficient administration of justice. *See United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462-63 (4th Cir. 1993), *cited with approval by Coleman v. American Red Cross*, 23 F.3d 1091, 1094 n.1 (6th Cir. 1994). As the Sixth Circuit has summarized, in determining whether dismissal is an appropriate sanction for failure to comply with discovery orders, a court should consider four factors:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the [offending] party's failure to cooperate in discovery; the third factor is whether the [offending] party was warned that failure to cooperate could lead to dismissal; and the fourth factor is whether less drastic sanctions were imposed or considered before dismissal [is] ordered.

*Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995); *accord Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). "Consideration of these factors should be given with reference to the dual purposes underlying the use of dismissal as a sanction for willful noncompliance with

---

[1] The Court applies the same standard to determine whether default is an appropriate sanction as it does to determine whether dismissal is appropriate. *See Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990); *Bratka v. Anheuser-Busch Co.*, 164 F.R.D. 448, 459-60 (S.D. Ohio 1995); *In re Sams*, 123 B.R. 788, 790 (Bankr. S.D. Ohio 1991).

discovery, namely, of punishing the offending party and deterring future litigants from engaging in similar misconduct." *Reese Corp. v. Rieger*, 201 B.R. 902, 907 (E.D. Mich. 1996) (citing *Bass*, 71 F.3d at 241). Further, all these factors must be weighed against the strong policy that favors disposition of cases on their merits. *See Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993); *see also, Shaffer Equip.*, 11 F.3d at 462; *Reese Corp.*, 201 B.R. at 907 ("Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on the merits is dismissal appropriate.") (citing *Meade v. Grubbs*, 841 F.2d 1512, 1520 n.7 (10th Cir. 1988)).

Even if counsel's conduct were sufficiently egregious to warrant dismissal or default, the other factors weigh against such a sanction. The parties have pointed to no specific prejudice resulting from their lack of notice that cannot be remedied through other sanctions. Further, although counsel failed to comply with the plain terms of Rule 45(b)(1), counsel did not violate an order of this Court, and had not been previously warned that his conduct could lead to dismissal or default. Further, lesser sanctions, as discussed below, do not appear inadequate either to remedy any prejudice or to correct counsel's conduct in the future. For these reasons, the Court concludes that the extreme sanction of dismissal and default, like the extreme sanction of disqualification, is not warranted.

Nevertheless, it is clear that counsel violated the clear language of Rule 45(b)(1) and persisted in his position well past the time he had notice that his interpretation of the rule was clearly in error. In light of this violation, the other parties are entitled to recover from Graham's counsel the costs and attorney fees incurred in connection with the subpoenas and this motion. *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 476 F. Supp. 2d 913, 930 (N.D. Ill. 2007); *Mid-Atlantic Constructors, Inc. v. Stone & Webster Constr., Inc.*, 231 F.R.D. 465, 467 (E.D. Pa.

2005). Further, pursuant to the representation of Graham's counsel at the hearing, counsel will be directed to provide copies of all documents received as a result of the subpoenas to each party.

Accordingly, it is ORDERED that plaintiff/counter-defendant Dupuis's motion for sanctions is hereby GRANTED IN PART and DENIED IN PART. It is further ORDERED that:

1. The parties submit, by letter addressed to the Court and the other parties, affidavits and itemized billing statements reflecting the costs and attorney fees incurred in connection with the subpoenas and this motion within 7 days of the date of this Order. Counsel for Graham may file a reply letter disputing the reasonableness of any fees claimed within 7 days of receipt of the other parties' letters. The Court will then award an appropriate sanction.

2. Within 7 days of the date of this Order, counsel for Graham provide copies of all materials received as a result of the subpoenas to each party.

The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

       s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: November 28, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 28, 2007, by electronic and/or ordinary mail.

       s/Diane Opalewski
Deputy Clerk