UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD JAY DUPUIS,

      Plaintiff,

                                      CASE NO. 2:06-CV-14927
  v.                                CHIEF JUDGE BERNARD A. FRIEDMAN
                                      MAGISTRATE JUDGE PAUL J. KOMIVES

CITY OF HAMTRAMCK, et al.,

      Defendants.
                                  /

## MEMORANDUM ORDER DENYING PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DEEM REQUESTS FOR ADMISSIONS ADMITTED AND FOR OTHER APPROPRIATE RELIEF (docket #66)

This matter is before the Court on plaintiff/counter-defendant Ronald Dupuis's motion to deem requests for admissions admitted, filed on July 1, 2008. Plaintiff argues that the requests for admission served on defendant/counter-plaintiff Prema Graham should be deemed admitted because the answers do not comply with the requirements of Rule 36, and that the requests for admission served on the remaining defendants should be deemed admitted because these defendants did not serve answers within 30 days of the requests, as required by Rule 36. Defendant/counter-plaintiff Graham filed a response to the motion on July 15, 2008, and a second response to the motion through new counsel on July 17, 2008. Defendants City of Hamtramck, James Doyle, and Donald Crawford filed a response on July 16, 2008. Plaintiff/counter-defendant filed a reply on July 24, 2008. The Court heard argument on the motion on September 15, 2008, at which time the Court took the matter under advisement. For the reasons that follow, the motion will be denied.

Although the Hamtramck defendants did not file their response within 30 days, the Court concludes that it would be inappropriate to deem the requests for admission admitted. Rule 36 provides, in relevant part:

> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

FED. R. CIV. P. 36(a). As this language indicates, however, the court may allow a longer time for the answering of requests to admit. Further, Rule 36(b) authorizes a court to allow a party to withdraw matters previously admitted. Taken together, these two provisions establish that the sanction contemplated by Rule 36(a) is not mandatory, and that a court has discretion to permit a late filed response. *See Local Union No. 38, Sheet Metal Workers' Int'l Ass'n, AFL-CIO v. Tripodi*, 913 F. Supp. 290, 293-94 (S.D.N.Y. 1996); *United States v. Turk*, 139 F.R.D. 615, 617 (D. Md. 1991); *see also*, *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312 (8th Cir. 1983) ("Because the district court has the power to allow a longer time, courts and commentators view this to mean that the court, in its discretion, may permit the filing of an answer that would otherwise be untimely."). Generally, a court should permit a late response, or allow the withdrawal of previous admissions, "when (1) the presentation of the merits will be aided and (2) no prejudice to the party obtaining the admission will result." *Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir. 1983); *see also*, *Clark v. City of Munster*, 115 F.R.D. 609, 612 (N.D. Ind. 1987). Further, the prejudice contemplated by the rule "is not that the party who obtained the admission will have to convince the jury of the truth of the matter. 'The prejudice contemplated by the rule relates to the difficulty a party may face because of the sudden need to obtain evidence required to prove the matter that had been established.'" *Ropfogel v. United States*, 138 F.R.D. 579, 583 (D. Kan. 1991) (quoting *Gutting*, 710 F.2d at 1314). Here, allowing the City's late responses will certainly aid the presentation of the merits, and there is no claim that defendant had been prejudiced in the ability to obtain evidence by

the less than one week delay in receiving the responses. In these circumstances, it is appropriate to allow plaintiff's late-filed responses to stand. *See American Petro, Inc. v. Shurtleff*, 159 F.R.D. 35, 37-38 (D. Minn. 1994); *Clark*, 115 F.R.D. at 612.

As to the sufficiency of defendants' responses, the Court concludes that defendants' answers comply with Rule 36. Plaintiff asked defendants to admit the three things set forth below, each of which is followed by defendants' responses:

> 1.   Please admit that Plaintiff/Counter-Defendant RONALD JAY DUPUIS II only had one (1) taser in his possession during the incident that allegedly took place on November 3, 2005 allegedly involving himself and Defendant/Counter-Plaintiff PREMA GRAHAM.
>
> Hamtramck response: Hamtramck, Doyle and Crawford have no information that would lead them to believe that Dupuis had more than one taser in his possession while in the patrol car with Graham at about 3:30pm on November 3, 2005.
>
> Graham response: Defendant cannot admit, as this information is unknown to defendant.
>
> 2.   Please admit that the document attached hereto and labeled Exhibit #1 is a genuine duplicate of the report from Taser International concerning the taser Plaintiff/Counter-Defendant RONALD JAY DUPUIS II had in his possessing during the incident that allegedly took place on November 3, 2005 allegedly involving himself and Defendant/Counter-Plaintiff Prema Graham.
>
> Hamtramck response: Admit.
>
> Graham response: Neither admit nor deny, as defendant has no knowledge as to this document or its authenticity.
>
> 3.   Please admit that the information contained in Exhibit #1 is correct and accurate.
>
> Hamtramck response: Hamtramck, Doyle and Crawford admit that Exhibit #1 is a correct and accurate copy of the Taser International report concerning the taser that Dupuis had in his possession while in the patrol car with Graham at about 3:30 pm on November 3, 1995.
>
> Graham response: Neither admit nor deny, as defendant has no knowledge as to this

document or its authenticity.

Plaintiff takes issue with the City's responses because the City defendants did not offer an unqualified admission with respect to Request Nos. 1 & 3. However, Rule 36 expressly contemplates that a party may qualify an answer or admit in part and deny in part an answer. *See* FED. R. CIV. P. 36(a)(4). Further, both Graham's and the City defendants' responses are sufficient. Neither Graham nor the city defendants could definitively answer whether plaintiff had a second taser on his person, as only plaintiff would have that information for certain. Likewise, none of the defendants were involved with the production of the Taser International report, and thus they are not qualified to comment on its authenticity or accuracy.

Accordingly, it is ORDERED that plaintiff/counter-defendant Dupuis's motion to deem requests for admission admitted is hereby DENIED. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.


s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: October 16, 2008

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on October 16, 2008.
>
> s/Eddrey Butts
> Case Manager