UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD JAY DUPUIS, II,

       Plaintiff,

vs.

CITY OF HAMTRAMCK, et al.,

       Defendants.
_____/

Civil Action No.
06-CV-14927

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE KOMIVES' ORDER OF OCTOBER 16, 2008

Plaintiff has filed objections [docket entry 102] to Magistrate Judge Paul Komives' order dated October 16, 2008 [docket entry 100] which denied plaintiff's motion to deem admissions requests admitted [docket entry 66]. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall rule on plaintiff's objections without oral argument.

In his motion to deem admissions requests admitted, plaintiff argued that defendants should be deemed to have admitted the matters contained in three requests for admissions he served on them on December 12, 2007.[1] Plaintiff noted that defendants Doyle, Crawford and the City of Hamtramck ("the Hamtramck defendants") responded to the admissions requests after the 30-day deadline imposed by Fed. R. Civ. P. 36. He also argued that defendant Graham's responses, while timely, were insufficient. Defendants responded to the motion, plaintiff replied, and the magistrate

---

[1] These requests for admissions were: (1) "[p]lease admit that [plaintiff] only had one taser in his possession during the incident that allegedly took place on November 3, 2005 . . ."; (2) "[p]lease admit that the document attached hereto and labeled Exhibit #1 is a genuine duplicate of the report from Taser International concerning the taser [plaintiff] had in his possession during the incident that allegedly took place on November 3, 2005 . . ."; and (3) "[p]lease admit that the information contained in Exhibit #1 is correct and accurate."

judge held a hearing. In his written order, the magistrate judge denied plaintiff's motion on the grounds that (1) plaintiff had not shown that he would be prejudiced if the Hamtramck defendants' tardy responses are allowed, and (2) defendant Graham's responses are not insufficient. In essence plaintiff argues that the magistrate judge erred in exercising discretion in excusing the Hamtramck defendants' tardy responses and also by finding defendant Graham's responses to be sufficient.

A magistrate judge's rulings on non-dispositive matters may be modified or set aside only if clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). Plaintiff has failed to demonstrate any such error. The magistrate judge correctly noted that the court has discretion to permit responses after the 30-day deadline, particularly when doing so will not prejudice the requesting party. In addition to the extensive case authority cited by the magistrate judge, the court notes the discussion of this point, and the extensive citation to case authority, in 8A C. Wright & A. Miller, *Federal Practice and Procedure* § 2257 (1994 & 2008 Supp.).

In the present case, plaintiff has not shown any prejudice. While plaintiff complains that he may now need an expert to testify regarding the taser report and that the discovery period has closed, the court notes that plaintiff has only himself to blame for this predicament. Plaintiff waited until the discovery cutoff date (July 1, 2008) to file his motion to deem the admissions requests admitted, even though defendants' responses to his admissions requests were due approximately six months earlier, on January 11, 2008. Plaintiff assumed at his peril that the court would deem the admissions requests admitted as to the Hamtramck defendants, whose responses were served two months late, on March 19, 2008. If plaintiff now suffers any prejudice, it is due to the fact that he sat back and allowed the discovery period to expire without taking steps to clarify the status of the admissions requests.

In any event, the accuracy of the taser report appears to be irrelevant at this point because the court has granted summary judgment for the Hamtramck defendants on all of plaintiff's claims except for his claim that defendants Doyle and the City of Hamtramck violated a state statute by disclosing disciplinary information about plaintiff without first giving him written notice. *See* Second Amended Complaint ¶¶ 44-49. Plaintiff does not argue that the taser report has anything to do with this claim. Even if the taser report is somehow relevant to this claim, plaintiff still has not shown any prejudice because, according to plaintiff, defendants "have noted that their witness will testify consistent with the taser report." Pltf's Br. at 4.

In short, the magistrate judge did not err in exercising his discretion to excuse the Hamtramck defendants' tardy responses to plaintiff's admissions requests, given plaintiff's failure to show he will be in any way prejudiced.

Nor did the magistrate judge err in finding that defendant Graham's responses to the admissions requests were sufficient. Graham responded by indicating she could not admit the first request for admission because "this information is unknown to defendant." She responded to the second and third admissions requests by indicating she could not admit or deny because she "has no knowledge as to this document or its authenticity." As the magistrate judge correctly noted, Graham has no way of knowing how many tasers Dupuis had in his possession. She did not pat him down. Nor can Graham be expected to admit or deny the accuracy or authenticity of the taser report, as she did not create the document.

Plaintiff has not shown that the magistrate judge's order is clearly erroneous or contrary to law. Accordingly,

IT IS ORDERED that plaintiff's objections to Magistrate Judge Komives' order of October 16, 2008, are overruled. The order is affirmed.

_s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: November 3, 2008
       Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

S/Carol Mullins
Case Manager to Chief Judge Friedman